# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> 757 FILM ACQUISITION LLC, <br><br> Debtor. <br><br> Tax I.D. No. 35-2344300 | Chapter 11 <br><br> Case No. 24-11443 <br><br> **Ref. No. 2** |
| In re: <br><br> CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., <br><br> Debtor. <br><br> Tax I.D. No. 81-2560811 | Chapter 11 <br><br> Case No. 24-11442 <br><br> **Ref. No. 6** |
| In re: <br><br> CHICKEN SOUP FOR THE SOUL STUDIOS, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 87-3789993 | Chapter 11 <br><br> Case No. 24-11444 <br><br> **Ref. No. 2** |
| In re: <br><br> CHICKEN SOUP FOR THE SOUL TELEVISION GROUP, LLC, <br><br> Debtor. <br><br> Tax I.D. No. N/A | Chapter 11 <br><br> Case No. 24-11445 <br><br> **Ref. No. 2** |
| In re: <br><br> CRACKLE PLUS, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 83-4459379 | Chapter 11 <br><br> Case No. 24-11446 <br><br> **Ref. No. 2** |

| | |
|---|---|
| In re:<br><br>CSS AVOD INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 86-3704038 | Chapter 11<br><br>Case No. 24-11447<br><br>**Ref. No. 2** |
| In re:<br><br>CSSESIG, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 87-3227150 | Chapter 11<br><br>Case No. 24-11448<br><br>**Ref. No. 2** |
| In re:<br><br>DIGITAL MEDIA ENTERPRISES LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. N/A | Chapter 11<br><br>Case No. 24-11449<br><br>**Ref. No. 2** |
| In re:<br><br>HALCYON STUDIOS, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 87-1043312 | Chapter 11<br><br>Case No. 24-11450<br><br>**Ref. No. 2** |
| In re:<br><br>HALCYON TELEVISION, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 86-3689873 | Chapter 11<br><br>Case No. 24-11451<br><br>**Ref. No. 2** |
| In re:<br><br>LANDMARK STUDIO GROUP LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 84-3073671 | Chapter 11<br><br>Case No. 24-11452<br><br>**Ref. No. 2** |

| | |
|---|---|
| In re: <br><br> LOCOMOTIVE GLOBAL, INC., <br><br> Debtor. <br><br> Tax I.D. No. 46-1962094 | Chapter 11 <br><br> Case No. 24-11453 <br><br> **Ref. No. 2** |
| In re: <br><br> PIVOTSHARE, INC., <br><br> Debtor. <br><br> Tax I.D. No. 27-2852165 | Chapter 11 <br><br> Case No. 24-11454 <br><br> **Ref. No. 2** |
| In re: <br><br> RB SECOND MERGER SUB LLC, <br><br> Debtor. <br><br> Tax I.D. No. 88-3670754 | Chapter 11 <br><br> Case No. 24-11455 <br><br> **Ref. No. 2** |
| In re: <br><br> REDBOX AUTOMATED RETAIL, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 26-0100436 | Chapter 11 <br><br> Case No. 24-11456 <br><br> **Ref. No. 2** |
| In re: <br><br> REDBOX ENTERTAINMENT, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 85-4007085 | Chapter 11 <br><br> Case No. 24-11457 <br><br> **Ref. No. 2** |
| In re: <br><br> REDBOX HOLDINGS, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 85-3377338 | Chapter 11 <br><br> Case No. 24-11458 <br><br> **Ref. No. 2** |

| | |
|---|---|
| In re: <br><br> REDBOX INCENTIVES LLC, <br><br> Debtor. <br><br> Tax I.D. No. 80-0771123 | Chapter 11 <br><br> Case No. 24-11459 <br><br> **Ref. No. 2** |
| In re: <br><br> REDWOOD INTERMEDIATE, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 87-3142733 | Chapter 11 <br><br> Case No. 24-11460 <br><br> **Ref. No. 2** |
| In re: <br><br> SCREEN MEDIA FILMS, LLC, <br><br> Debtor. <br><br> Tax I.D. No. N/A | Chapter 11 <br><br> Case No. 24-11462 <br><br> **Ref. No. 2** |
| In re: <br><br> SCREEN MEDIA VENTURES, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 52-2172466 | Chapter 11 <br><br> Case No. 24-11461 <br><br> **Ref. No. 2** |
| In re: <br><br> TOFG LLC, <br><br> Debtor. <br><br> Tax I.D. No. 83-3600508 | Chapter 11 <br><br> Case No. 24-11463 <br><br> **Ref. No. 2** |

**ORDER AUTHORIZING JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an Order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, authorizing the joint administration of the above-captioned chapter 11 cases (the "Chapter 11 Cases"); and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration; and having determined that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held on the Motion and all proceedings had before this Court; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

---

[1] Capitalized terms used but not defined in this Order have the meanings given in the Motion.

3.  The Debtors shall maintain, and Clerk of this Court shall keep one file, one docket, one consolidated docket, and one consolidated service list for these Chapter 11 Cases. The file and docket shall be the file and docket for the Chapter 11 Case of Debtor Chicken Soup for the Soul Entertainment Inc., Case No. 24-11442.

4.  All pleadings filed in the Chapter 11 Cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 |
| Debtors. | (Jointly Administered) |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

5.  The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6.  All original pleadings shall be captioned as indicated in paragraph 4 and the Clerk of this Court shall make docket entries in the docket of each of the Chapter 11 Cases, other than the Chapter 11 Case of Chicken Soup for the Soul Entertainment Inc., substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of Chicken Soup for the Soul Entertainment Inc., *et al.* The docket in

Case No. 24-11442 should be consulted for all matters affecting this case.

7. All pleadings, notices, and other submissions in these cases shall be filed on the docket for Case No. 24-11442.

9. Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

*Thomas M. Horan*

**Dated: July 2nd, 2024**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**